Lionel E. Giron, Esq. (SBN: 200450)
Law Offices of Lionel E. Giron
337 North Vineyard Ave., Suite 100
Ontario, California 91764
Ph: (909) 397-7260; Fax: (909) 397-7277
Email: ecf@lglawofifice.com

General Insolvency Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-10013-MW |
| FRED ASAFU-ADAJAYE AND ESTHER ASAFU-ADAJAYE, | Chapter 11 |
| Debtors and Debtors-in-possession. | **CHAPTER 11 PLAN OF REORGANIZATION** |

PLAN CONFIRMATION HEARING:
DATE:    TBD
TIME:    TBD
PLACE:   411 W. Fourth Street, Crtrm. 6C
              Santa Ana, CA 92701

## TABLE OF CONTENT

I.   INTRODUCTION ..................................................................................................4

II.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ..............4

  A.   GENERAL OVERVIEW ...............................................................................4

  B.   UNCLASSIFIED CLAIMS ...........................................................................5

    1.   Administrative Expenses ....................................................................5

    2.   Priority Claims ....................................................................................8

  C.   CLASSIFIED CLAIMS AND INTERESTS ..........8

    1.   Classes of Priority Unsecured Claims ..........8

    2.   Classes of Secure Impaired Claims ..............9

    3.   Classes of General Unsecured Claims .......10

    4.   Classes of Interest Holders..........................10

  D.   MEANS OF EFFECTUATING THE PLAN...............................................10

    1.   Funding for the Plan........................................................................10

    2.   Post-confirmation Management .....................................................10

    3.   Disbursing Agent.............................................................................10

III.   TREATMENT OF MISCELLANEOUS ITEMS .................................................11

  A. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................11

    1.   Assumptions ....................................................................................11

    2.   Rejections ........................................................................................11

  C.   RETENTION OF JURISDICTION ..............................................................11

IV.   EFFECT OF CONFIRMATION OF THE PLAN ...............................................11

  A.   DISCHARGE ...........................................................................................11

B.    REVESTING OF PROPERTY IN DEBTOR ........................................................12

C.    MODIFICATION OF THE PLAN ...................................................................12

D.    POST-CONFIRMATION STATUS REPORT ....................................................12

E.    QUARTERLY FEES ...................................................................................13

F.    POST CONFIRMATION CONVERSION/DISMISSAL ........................................13

G.    FINAL DECREE .......................................................................................14

# INTRODUCTION

Fred Asafu-Adajaye and Esther Asafu-Adajaye, the debtors and debtors-in-possession (the "Debtors"), hereby submit their Chapter 11 Plan of Reorganization (hereinafter referred to as "Plan"). The following sets forth the Classes of Claims and their proposed treatment under this proposed Plan. A more detailed history of the Debtors' financial affairs is set forth in the Debtors' Disclosure Statement (the "Disclosure Statement").

## II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A. GENERAL OVERVIEW

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. The Plan states that each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive.

**Unclassified** - Administrative Expenses as defined in the Bankruptcy Code for which application for or allowance or a claim is filed prior to the Effective Date, as the same are allowed, approved, and ordered paid by the Court.

**Unclassified**- Priority Claims entitled to priority by sections 507(a)(3), 507(a)(4), 507(a)(5) and 507(a)(6) of the Bankruptcy Code, as the same are allowed, approved, and ordered paid by the court.

**Class 1**- Claims are general unsecured claims entitled to priority under Code Section 507(a).]

**Class 2**- Secured creditors as their claims existed on the date of the petition in this case, as allowed and ordered paid by the court, and to the extent that such claims are

not greater than the value of Debtors' assets which the court finds are valid security for

such claims.

**Class 3**- Claims are general unsecured claims not entitled to priority under Code

Section 507(a).]

### B. UNCLASSIFIED CLAIMS

#### 1.    Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the

Debtors' Chapter 11 case which are allowed under Code Section 507(a) (2). The

Bankruptcy Code requires that all administrative claims be paid on the Plan Effective

Date, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtors' §507(a) (2) administrative claims and

their treatment under the Plan.

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| Law Offices of Lionel E. Giron (Attorney for Debtors) | $ 10,000.00 (estimated) | Paid in full on the later of (a) Effective Date of Plan or (b) Court approval of requested fees unless the parties agree to other treatment. Paid with proceeds from the debtor-in-possession accounts. Total given is a good faith estimation of the total fees to be incurred through confirmation of the Chapter 11 plan. The actual amount could be more or less, and is subject to approval through a final fee application. |
| Tang & Associates (Former Attorney for Debtors) | $10,000 (estimated) | Paid in full on the later of (a) Effective Date of Plan or (b) Court approval of requested fees unless the parties agree to other treatment. Paid with proceeds from the debtor-in-possession accounts. Total given is a good faith estimation of the total fees to be incurred through confirmation of the Chapter 11 plan. The actual amount could be more or less, and is subject to approval through a final fee application. |

| Office of the U.S. Trustee Fees | $ 650.00 (estimated) | Quarterly fees, as required by 28 U.S.C. §1930(a)(6) shall be paid until a final decree is entered or the case is dismissed or converted. Paid with proceeds from the sale of its Property. |
|---|---|---|
| TOTAL | $25,650.00 (estimated) | |

The Court must approve all professional fees and expenses listed in this chart before they may be paid. For all professional fees and expense except fees owing to the Clerk of the bankruptcy Court and fees owing to the Office of the United States Trustee, the professional in question must file and serve a properly noticed fee application and the court must rule on the application. Only the amount of fees and expenses allowed by the court will be required to be paid under the Plan. The administrative claim amounts set forth above simply represents the Debtors' best estimates as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower. Much of whether the actual administrative claims described above for professionals will be dependent upon whether the Debtors are required to engage in any substantial litigation regarding the confirmation of the Plan and/or objecting to claims. To the extent the Debtors are required to engage in any such substantial litigation, the Debtors' professionals are likely to incur professional fees and expenses in excess (and possibly substantially in excess) of the figures set forth above. By voting to accept the Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any of these administrative claims, and creditors are not waiving any of their rights to object to the allowance of any of these administrative claims. By including the figures described above, the Debtors are not acknowledging the validity of, or consenting to the amount of, any of these administrative claims, and the Debtors are not

waiving its right to object to the allowance of any of these administrative claims.

Similarly, professionals whose employment are pending who have been employed in

this case are not been deemed to have agreed that the figures contained herein

represent any ceiling on the amount of fees and expenses that they have incurred or

are entitled to seek to be paid pursuant to court order as such fees and expenses are

just estimates provided at that time of the preparation of this Disclosure Statement.

To the extent allowed administrative claims are allowed prior to the effective

date, such allowed administrative claims may be paid by the Debtors out of the Debtors'

funds to the extent the Debtors has sufficient funds to pay them.  To the extent allowed

administrative claims are allowed after the effective date, such allowed administrative

claims will be paid by Debtors' debtor-in-possession accounts.

### 2. Tax Claims

The Debtors will pay claims entitled to priority under § 507(a)(8) in full on the

Effective Date of the Plan.

Debtors believe that they will be liable for 2018 income tax liability to the Internal

Revenue Service and the Franchise Tax Board. Although Debtors' income taxes

(Federal and State) have not been fully assessed, Debtors will have sufficient funds in

their personal debtor-in-possession account to make the payments due on the Effective

Date of the Plan.

//

//

//

//

## CLASSIFIED CLAIMS AND INTERESTS AND TREATMENT OF CLAIMS

### 1. Priority Unsecured Claims

Claims under Section 507(a)(3), (4), (5), (6) and (7) of the Bankruptcy Code are required to be classified in the Plan. This priority means that they must be paid in full before junior creditors. These impaired class includes allowed unsecured claims entitled to priority under § 507 (except administrative claims under §507 (a)(2), and priority tax claims under § 507(a)(8), which are unclassified and treated above). The Debtors will pay the Class 1 priority unsecured claims on the terms set forth below:

| CLAIMANT | AMOUNT OWED | TREATMENT |
|---|---|---|
| **Internal Revenue Service** | $ 102,046.23 Unsecured Priority Claim (Per proof of claim filed – Claim No. 3) | Prior to the date of this Disclosure Statement, the Debtors' counsel spoke a bankruptcy representative of the Franchise Tax Board office and confirmed that Debtors may propose payments at 6% interest. Based on this, Debtors will make monthly payments of $1,972.84 for five years at 6% to satisfy the claim. Payments will commence on the Effective Date of the Plan. |
| **Franchise Tax Board** | $25,668.24 Unsecured Priority Claim (Per proof of claim filed – Claim No. 2) | Prior to the date of this Disclosure Statement, the Debtors' counsel spoke a bankruptcy representative of the Franchise Tax Board office and confirmed that Debtors may propose payments at 4% interest. Based on this, Debtors will make monthly payments of $484.39 for five years at 4% to satisfy the claim. Payments will commence on the Effective Date of the Plan. |

//

//

## 2. CLASS 2: Impaired Secured Claims

Secured claims are claims secured by liens on the property of the estate. The following is a listing of the class containing the Debtors' secured pre-petition claims and their treatment under the Plan. The Debtors will pay the Class 2 Secured claims on the terms set forth below:

**Class 2:** Secured Claim on Real property other than Debtors' Residential property real property

**Class Description:** Secured Claim of MTGLQ Investors, LP serviced by Rushmore Loan Management Services

**Collateral description:**  Single Family property located at 28841 Yosemite Place, Sun City, CA 92587

**Collateral value:**  $675,000.00 based on appraisal report. On January 31, 2018, the Court granted debtors' motion to value the real property and set the value at $675,000, see Court Docket No. 18.

**Claim/Collateral:**  MTGLQ Investors, LP serviced by Rushmore Loan Management Services (hereinafter "MTGLQ Investors") holds a first priority deed of trust on Debtors' Subject Property with a balance of approximately $839,807.51 based on the Proof of Claim filed on February 7, 2018.

**Impaired:**  The Class 2 Claim is impaired under the Plan.

**Treatment:**  The treatment of MTGLQ Investors' Class 2 Claim shall be payment over 30 years at 5 percent fixed interest for payments of $3,624 per month.

//

//

### 3. CLASS 3: General Unsecured Claims

Class 3 claims are general unsecured claims not entitled to priority under Code Section 507(a).  Debtors have approximately $264,621.53 in general unsecured claims.

**Impaired:**  The Class 3 Claim is impaired under the Plan.

**Treatment:**  To the extent that there are any allowed unsecured claims, Debtors will pay propose to pay a dividend of 4% to each general unsecured claimant commencing on the Effective Date of the Plan.

### 4. Classes of Interest Holders

Debtors will retain their 100 percent interest in the Debtors.

### C. MEANS OF EFFECTUATING THE PLAN

### 1. Funding for the Plan

The Plan will be funded by the Debtors' post-petition earnings and from rental income generated from his Subject Property.

### 2. Post-confirmation Management

The Debtors shall remain in possession of its assets and shall perform the functions necessary to consummate the Plan.

### 3. Disbursing Agent

The Debtors shall act as the disbursing agents for the purpose of making all distributions provided for under the Plan.

//

//

//

//

## III.    TREATMENT OF MISCELLANEOUS ITEMS

### A. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

#### 1.    Assumptions

On the Effective Date of the Plan, Debtors would not have any of the Executory contracts and unexpired leases after the sale of its Property. To the extent that there executory contracts and leases unknown to the Debtors, such leases and executory contracts and/or obligations shall be deemed rejected.

#### 2.    Rejections

Currently, Debtors do not anticipate rejecting any executory contracts and/or unexpired leases.

### C. RETENTION OF JURISDICTION

The Court will retain jurisdiction to the extent provided by law.

## IV.    EFFECT OF CONFIRMATION OF THE PLAN

### A. DISCHARGE

Upon completion of the payments under the Plan, the Debtors may receive a discharge of preconfirmation debts, except such discharge shall not discharge the Debtors from any debts that are found nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtors are not in material default under the Plan. If the Debtors materially defaults in performing the Plan, affected creditors may sue the Debtors to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code.

## B. REVESTING OF PROPERTY IN DEBTORS

Except as provided elsewhere in the Disclosure Statement and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate to the Debtors.

## C. MODIFICATION OF THE PLAN

The Debtors may modify the Plan at any time before the confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Plan may be modified pursuant to 11 U.S.C. §1127 of the Bankruptcy Code: Section 1127(e) - provides as follows:

"Upon request of the Debtors, the trustee, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan , to —

(1)    increase or reduce the amount of payments under the Plan  on claims of a particular class;

(2)    extend or reduce the time period for such payments; or

(3)    alter the amount of the distribution to a creditor whose claim is provided for by the Plan  to the extent necessary to take account of any payment of such claim made other than under the Plan ."

## D. POST-CONFIRMATION STATUS REPORT

Within 120 days of the entry of the order confirming the Plan, Debtors shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United

States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

### E. QUARTERLY FEES

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the Plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to Chapter 7.

### F. POST CONFIRMATION CONVERSION/DISMISSAL

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

//

//

## G. FINAL DECREE

Once the estate has been fully administered as referred to in Bankruptcy Rule

3022 and the Debtors have fulfilled obligations due under the five (5) year term of the

Plan, the Debtors shall file a motion with the Court to obtain a discharge of all

dischargeable debt and a final decree to close the Debtors' case.


Dated:  April 30, 2019                Respectfully submitted,

                                      By:    **LAW OFFICES OF LIONEL E. GIRON**

                                             /s/ Lionel E. Giron
                                             Lionel E. Giron
                                             Attorneys for Debtors and Debtors-in-
                                             possession
                                             FRED ASAFU-ADAJAYE AND ESTHER
                                             ASAFU-ADAJAYE

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**337 N.Vineyard Ave., Suite 100**
**Ontario, CA 91764**

A true and correct copy of the foregoing document entitled: __**DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION** __ will
be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On __**4/30/19**__, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

Dane W Exnowski on behalf of Creditor WELLS FARGO BANK, N.A.: dane.exnowski@mccalla.com, bk.ca@mccalla.com
Lionel E Giron on behalf of Debtor Fred Asafu-Adjaye: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com
Lionel E Giron on behalf of Joint Debtor Esther Asafu-Adjaye: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA): nancy.goldenberg@usdoj.gov
Crystle Jane Lindsey on behalf of Debtor Fred Asafu-Adjaye: crystle@lglawoffices.com, crystle@cjllaw.com
Crystle Jane Lindsey on behalf of Joint Debtor Esther Asafu-Adjaye: crystle@lglawoffices.com, crystle@cjllaw.com
Kelly M Raftery on behalf of Creditor MTGLQ Investors, LP: bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
Kelly M Raftery on behalf of Interested Party Courtesy NEF: bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
Valerie Smith on behalf of Interested Party Courtesy NEF: claims@recoverycorp.com
United States Trustee (SA): ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On __**4/30/19**__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

Debtors:  Fred Asafu-Adjaye and Esther Asafu-Adjaye, PO Box 541, Orange, CA 92856

Secured Creditors: MTGLQ Investors, LP serviced by Rushmore Loan Management Services, PO Box 5504, Irvine, CA 92619

Unsecured Creditors:

Educational Credit Management Corp., PO Box 16408, Saint Paul, MN 55116-0408
Franchise Tax Board, Bankruptcy Section MS A340, PO Box 2952, Sacramento, CA 95812
Internal Revenue Service, P.O Box 7346, Philadelphia, PA 19101-7346
LVNV Funding, c/o Resurgent Capital Services, Greenville, SC 29603-0675
MTGLQ Investors, LP serviced by Rushmore Loan Management Services, PO Box 5504, Irvine, CA 92619
Wells Fargo Dealer Services, PO BOX 19657, Irvine, CA 92623-9657

*Judge's Copy*
Chambers of the Hon. Mark S. Wallace
411 West Fourth Street, Suite 6135 / Courtroom 6C, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each**
**person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 30, 2019 | Jeanette Llamas | /s/ Jeanette Llamas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |