DANE W. EXNOWSKI, #281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-661-5060
Fax: 562-983-5365
BK.CA@mccalla.com

Attorneys for Secured Creditor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

Fred Asafu-Adjaye and Esther Asafu-Adjaye,

Debtors.

Bankruptcy Case No. 8:18-bk-10013-MW

Chapter 11

**STIPULATION RE: CHAPTER 11 PLAN TREATMENT RE: REAL PROPERTY LOCATED AT 28841 YOSEMITE PLACE, CANYON LAKE. CA 92587**

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS AND DEBTORS-IN-POSSESSION, COUNSEL FOR DEBTORS-IN-POSSESSION, AND ANY OTHER INTERESTED PARTIES:

MTGLQ Investors, LP ("Secured Creditor"), as serviced by Rushmore Loan Management Services, and Fred Asafu-Adjaye and Esther Asafu-Adjaye ("Debtors"), by and through their respective attorneys of record, hereby stipulate as follows:

IT IS HEREBY STIPULATED:

1. Secured Creditor holds a note dated 12/15/2006 made by Esther Asafu-Adjaye and Fred Asafu-Adjaye in the original principal amount of $862,500 that is secured by a first priority deed of trust on

STIPULATION RE: CH 11 PLAN TREATMENT    1

the real property commonly described as 28841 Yosemite Place, Canyon Lake, CA 92587 (the "Property"), document recording number 2006-0939524.

2. With respect to the above mentioned note and deed of trust, Secured Creditor's proof of claim [filed by Secured Creditor's predecessor-in-interest Wells Fargo Bank, N.A.] is claims number 4-1 in the amount of $839,807.51 as of the date of the petition (the "Claim").

3. The parties hereto agree that Secured Creditor's Claim shall be modified as follows: Secured Creditor shall have a secured claim against the Property in the amount of $675,000 (the "Secured Claim"). The Secured Claim shall be amortized over 480 months at a fixed rate of interest at 6.0% per annum via equal monthly principal and interest payments in the amount of $3,713.94 each. The first payment hereunder shall commence on February 1, 2019 and shall continue thereafter on the first of each month in accordance with the terms herein for 480 months. The maturity date is January 1, 2059 but all other provision(s) regarding maturity, including the effect thereof, remain governed by the subject note and security instrument. The foregoing payments must be received within any grace period as provided by the note and any effect of late payment is governed by the subject note and security instrument.

4. Secured Creditor shall an unsecured claim in the amount of $164,807.51 and shall be included and paid in accordance with the unsecured class of Debtors' Plan.

5. Property Taxes and Insurance. The Claim shall remain escrowed for payment of property taxes and insurance and the note and/or deed of trust provisions governing the same shall remain in full force and effect. The amount of escrow is subject to change and shall be in addition to the payments described in section 3, above.

6. Pre-confirmation Default: In the event of any default on any of the provisions of this Stipulation prior to confirmation of Debtors' Plan, Secured Creditor shall provide written notice, via U.S. Mail, to Debtors at their address of record on the docket of the above-entitled and numbered case, and to Debtors' attorneys of record, indicating the nature of default. If Debtors fail to cure the default after the passage of twenty-one (21) calendar days from the date said written notice, then Secured Creditor may file and serve a declaration regarding noncompliance and lodge an order terminating the automatic stay, which may be entered without further notice or hearing and which shall waive Bankruptcy Rule

4001(a)(3) to the extent it is applicable. Upon the entry of such order, the automatic stay shall terminate, unless it has already been terminated by operation of law, and Secured Creditor may commence any and all action necessary to obtain complete possession of the Property under the terms of the Note and Deed of Trust, and applicable state law, including but not limited to, foreclosure thereof, without further notice, order, or proceeding of this Court. The commencement, continuation, or completion of any and all non-judicial foreclosure activity or remedies shall be governed by the original, pre-stipulation, unmodified terms of the subject note and deed of trust unless and until an order confirming Debtors' Plan is entered prior thereto.

7. <u>Post-confirmation Default</u>: Upon confirmation of Debtors' Plan, Secured Creditor will no longer have to comply with paragraph six (6), above. Instead, Secured Creditor may provide Debtors notice of any default related to the Stipulation or otherwise under the subject note or security instrument in accordance with the Note and Deed of Trust, and applicable state law, and/or proceed with all its remedies under the terms of the Note and Deed of Trust, and applicable state and federal law, including but not limited to foreclosure of the subject property, without further notice, order, or proceeding of this Court; the stay of 11 U.S.C. § 362(a) shall be terminated in its entirety as to Secured Creditor and the Property upon confirmation.

8. Except as otherwise expressly provided herein, all remaining terms of the subject note and deed of trust shall govern the treatment of Secured Creditor's Secured Claim and shall remain unchanged and unmodified.

9. At the request of Secured Creditor, the Debtors shall execute and/or provide such documents and instruments as are necessary with respect to this Stipulation.

10. In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the Debtors' Plan of Reorganization or any subsequently filed Amended Chapter 11 Plan that incorporates the terms herein.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtors' Chapter 11 Plan and/or any subsequently filed

Amended Chapter 11 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtors' Chapter 11 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control. To the extent necessary, the terms of this stipulation shall be automatically incorporated into any plan or amended plan.

12. In the event the case is dismissed or converted to chapter 7, Secured Creditor shall retain its lien as provided for under the terms of the original note and deed of trust and the bi-furcation and modification provided hereby shall be deemed void.

13. Secured Creditor shall be afforded 90 days from the date of confirmation of the Debtors' Plan to effectuate any loan system adjustments in accordance with this Stipulation. Thereafter, Secured Creditor shall be entitled to service upon it of a 30-day notice of non-compliance with Stipulation before Debtors may take or commence any action, proceeding, or such other act regarding any non-compliance with the Stipulation.

**SO STIPULATED:**

Dated: 7/9/19

_[signature]_

Lionel E Giron / Joanne P. Sanchez, ESQ

Attorney for Debtors and Debtors-Possession

Dated: 7/9/2019

_[signature]_

Dane W. Exnowski

Attorney for Secured Creditor

STIPULATION RE: CH 11 PLAN TREATMENT        4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**301 E. Ocean Blvd., Suite 1720**
**Long Beach, CA 90802**

A true and correct copy of the document entitled (*specify*): **STIPULATION RE: CHAPTER 11 PLAN TREATMENT RE: REAL PROPERTY LOCATED AT 28841 YOSEMITE PLACE, CANYON LAKE, CA 92587** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **7/12/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Lionel E. Giron on behalf of Debtor Fred Asafu-Adjaye: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com
Lionel E. Giron on behalf of Joint Debtor Esther Asafu-Adjaye: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com
Nancy S. Goldenberg on behalf of U.S. Trustee United States Trustee (SA): nancy.goldenberg@usdoj.gov
Crystle Jane Lindsey on behalf of Debtor Fred Asafu-Adjaye: crystle@lglawoffices.com; crystle@cjllaw.com
Crystle Jane Lindsey on behalf of Joint Debtor Esther Asafu-Adjaye: crystle@lglawoffices.com; crystle@cjllaw.com
Kelly M Raftery on behalf of Creditor MTGLQ Investors, LP: bknotice@mccarthyholthus.com; kraftery@ecf.courtdrive.com
Kelly M Raftery on behalf of Interested Party Courtesy NEF: bknotice@mccarthyholthus.com; kraftery@ecf.courtdrive.com
Valerie Smith on behalf of Interested Party Courtesy NEF: claims@recoverycorp.com
United States Trustee (SA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **7/12/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtors: Fred Asafu-Adjaye and Esther Asafu-Adjaye, P.O. Box 541, Orange, CA 92856

Secured Creditors: MTGLQ Investors, LP serviced by Rushmore Loan Management Services, PO Box 5504, Irvine, CA 92619

Unsecured Creditors:

Educational Credit Management Corp., PO Box 16408, Saint Paul, MN 55116-0408
Franchise Tax Board, Bankruptcy Section MS A340, PO Box 2952, Sacramento, CA 95812
Franchise Tax Board, P.O. Box 942867, Sacramento, CA 94267
Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346
LVNV Funding, c/o Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0345
MTGLQ Investors, LP serviced by Rushmore Loan Management Services, PO Box 5504, Irvine, CA 92619
Wells Fargo Dealer Services, PO Box 19657, Irvine, CA 92623-9657

Judge's Copy: U.S. Bankruptcy Court Judge, Honorable Mark S. Wallace,
411 West Fourth Street, Suite 6135/Courtroom 6C, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/12/2019 | Irene Saucedo | /s/Irene Saucedo |
|---|---|---|
| Date | Printed Name | Signature |

PrfSrv_CAC_X14                                                                                                                                                6509-N-0629
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                   **F 9013-3.1.PROOF.SERVICE**