Lionel E. Giron, Esq. (SBN: 200450)
Joanne P. Sanchez, Esq. (SBN. 320070)
Law Offices of Lionel E. Giron
337 North Vineyard Ave., Suite 100
Ontario, California 91764
Ph: (909) 397-7260; Fax: (909) 397-7277
Email: ecf@lglawoffices.com

General Insolvency Counsel for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FRED ASAFU-ADAJAYE AND ESTHER ASAFU-ADAJAYE,<br><br>    Debtors and Debtors-in-possession | Case No. 8:18-bk-10013-MW<br><br>Chapter 11<br><br>**FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br><u>PLAN CONFIRMATION HEARING:</u><br>DATE:    TBD<br>TIME:    TBD<br>PLACE:  411 W. Fourth Street, Crtrm. 6C<br>              Santa Ana, CA 92701 |

# TABLE OF CONTENT

I. INTRODUCTION .................................................................................................... 4

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS .............. 4

    A. GENERAL OVERVIEW ................................................................................... 4

    B. UNCLASSIFIED CLAIMS ................................................................................ 5

        1. Administrative Expenses ........................................................................... 5

        2. Priority Claims ................................................... Error! Bookmark not defined.

    C. CLASSIFIED CLAIMS AND INTERESTS .......... 8 Error! Bookmark not defined.

        1. Classes of Priority Unsecured Claims ..........8Error! Bookmark not defined.

        2. Classes of Secure Impaired Claims ...............9Error! Bookmark not defined.

        3. Classes of General Unsecured Claims ....... 10Error! Bookmark not defined.

        4. Classes of Interest Holders ......................... 10Error! Bookmark not defined.

    D. MEANS OF EFFECTUATING THE PLAN ....................................................... 10

        1. Funding for the Plan ................................................................................ 11

        2. Post-confirmation Management ............................................................. 110

        3. Disbursing Agent ..................................................................................... 10

III. TREATMENT OF MISCELLANEOUS ITEMS ..................................................... 111

    A. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ............................. 111

        1. Assumptions ........................................................................................... 111

        2. Rejections ............................................................................................... 111

    C. RETENTION OF JURISDICTION ..................................................................... 11

IV. EFFECT OF CONFIRMATION OF THE PLAN .................................................... 12

    A. DISCHARGE .................................................................................................. 121

**B.  REVESTING OF PROPERTY IN DEBTOR** .......................................................... 12

**C.  MODIFICATION OF THE PLAN** .................................................................... 122

**D.  POST-CONFIRMATION STATUS REPORT** ...................................................... 132

**E.  QUARTERLY FEES** ...................................................................................... 13

**F.  POST CONFIRMATION CONVERSION/DISMISSAL** ......................................... 14

**G.  FINAL DECREE** ......................................................................................... 143

# INTRODUCTION

Fred Asafu-Adajaye and Esther Asafu-Adajaye, the debtors and debtors-in-possession (the "Debtors"), hereby submit their First Amended Chapter 11 Plan of Reorganization (hereinafter referred to as "Plan"). The following sets forth the Classes of Claims and their proposed treatment under this proposed Plan. A more detailed history of the Debtors' financial affairs is set forth in the Debtors' Disclosure Statement (the "Disclosure Statement").

## II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.  GENERAL OVERVIEW

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. The Plan states that each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive.

**Unclassified** - Administrative Expenses are claims are entitled to priority pursuant to §507(a)(2) of the Bankruptcy Code including (1) professional fees and costs and (2) United States Trustee's fees. Such claims shall be paid in full on, or as soon as practicable after, the Effective Date or upon allowance of such claim.

**Class 1: Tax Claims**

**Class 1A-** Priority Tax Claims are entitled to priority under Code Section 507(a)(8). Such claims shall be paid in full over five years from the date of entry of the order for relief with a rate of 5% interest rate in monthly installments amortized according to §511 of the Bankruptcy Code and IRC 6621.

**Class 1B-** Administrative Tax Claims consist of taxes that have accrued during the pendency of the bankruptcy. 11 U.S.C. 503(b)(1) accords administrative status to any tax incurred by the estate.

**Class 2**- Secured creditors as their claims existed on the date of the petition in this case, as allowed and ordered paid by the court, and to the extent that such claims are not greater than the value of Debtors' assets, which the court finds are valid security for such claims.

**Class 3**- Claims are general unsecured claims not entitled to priority under Code Section 507(a).

**B. UNCLASSIFIED CLAIMS**

1.   **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case which are allowed under Code Section 507(a) (2). The Bankruptcy Code requires that all administrative claims be paid on the Plan Effective Date, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtors' §507(a) (2) administrative claims and their treatment under the Plan.

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **Law Offices of Lionel E. Giron (Attorney for Debtors)** | $ 12,000.00 (estimated) | Paid in full on the later of (a) Effective Date of Plan or (b) Court approval of requested fees unless the parties agree to other treatment. Paid with proceeds from the debtor-in-possession accounts. |

| | | |
|---|---|---|
| **Tang & Associates (Former Attorney for Debtors)** | $10,000 (estimated) | Paid in full on the later of (a) Effective Date of Plan or (b) Court approval of requested fees unless the parties agree to other treatment. Paid with proceeds from the debtor-in-possession accounts. These totals are good faith estimation of the total fees to be incurred through confirmation of the Chapter 11 plan. The actual amount could be more or less, and are subject to approval through a final fee application. |
| **Office of the U.S. Trustee Fees** | $ 650.00 (estimated) | Quarterly fees, as required by 28 U.S.C. §1930(a)(6) shall be paid until a final decree is entered or the case is dismissed or converted. Paid with proceeds from the sale of its Property. |
| TOTAL | $22,650.00 (estimated) | |

The Court must approve all professional fees and expenses listed in this chart before they may be paid. For all professional fees and expense except fees owing to the Clerk of the bankruptcy Court and fees owing to the Office of the United States Trustee, the professional in question must file and serve a properly noticed fee application and the court must rule on the application.  Only the amount of fees and expenses allowed by the court will be required to be paid under the Plan.  The administrative claim amounts set forth above simply represents the Debtors' best estimates as to the amount of allowed administrative claims in this case. The actual administrative claims may be higher or lower.  Much of whether the actual administrative claims described above for professionals will be dependent upon whether the Debtors are required to engage in any substantial litigation regarding the confirmation of the Plan and/or objecting to claims.  To the extent the Debtors is required to engage in any such substantial litigation, the Debtors' professionals are likely to incur professional fees and expenses in excess (and possibly substantially in excess) of the figures set forth above.  By voting to

3 | Page

accept the Plan, creditors are not acknowledging the validity of, or consenting to the amount of, any of these administrative claims, and creditors are not waiving any of their rights to object to the allowance of any of these administrative claims.  By including the figures described above, the Debtors are not acknowledging the validity of, or consenting to the amount of, any of these administrative claims, and the Debtors is not waiving its right to object to the allowance of any of these administrative claims.  Similarly, professionals whose employment are pending who have been employed in this case are not been deemed to have agreed that the figures contained herein represent any ceiling on the amount of fees and expenses that they have incurred or are entitled to seek to be paid pursuant to court order as such fees and expenses are just estimates provided at that time of the preparation of this Disclosure Statement.

      To the extent allowed administrative claims exist prior to the effective date, claims may be paid out of the Debtors' funds in the debtor-in-possession accounts to the extent Debtors have sufficient funds to pay them.  To the extent administrative claims are allowed after the effective date, such claims will be paid by Debtors' debtor-in-possession accounts.

//

//

//

//

//

//

//

# CLASSIFIED CLAIMS AND INTERESTS AND TREATMENT OF CLAIMS

**CLASS 1: TAX CLAIMS**

<u>**Class 1A-**</u> Priority Tax Claims are entitled to priority under the Bankruptcy Code Section 507(a)(8). The Debtors will pay the Class 1A priority claims on the terms set forth below:

| CLAIMANT | AMOUNT OWED | TREATMENT |
|---|---|---|
| **Internal Revenue Service** | $ 102,046.23 Unsecured Priority Claim (Per proof of claim filed – Claim No. 3) | This claim of $102,046.23 shall be paid in full over five years from the date of entry of the order for relief (date of petition filing) with a rate of 5% interest rate in monthly installments amortized according to §511 of the Bankruptcy Code and IRC 6621.<br><br>Debtors estimate their payments to commence on January 2019 and continue to January 2023, which equals an estimated monthly payment of $2,350. This time frame will satisfy the remaining five years from the filing of Debtors' petition filed on January 8, 2018.<br><br>Upon confirmation of the Plan Debtors will make the $2,350 monthly payments that would have commenced in January 2019 in full to the Internal Revenue Service from their Debtor in possession accounts. Debtors have sufficient income to make such payments. |
| **Franchise Tax Board** | $25,668.24 Unsecured Priority Claim (Per proof of claim filed – Claim No. 2) | This claim of $25,668.24 shall be paid in full over five years from the date of entry of the order for relief (date of petition filing) with a rate of 4% interest rate in monthly installments amortized according to §511 of the Bankruptcy Code.<br><br>Debtors estimate their payments to commence on January 2019 and continue to January 2023, which equals an estimated monthly payment of $580. This time frame will satisfy the remaining five years from the filing of Debtors' petition filed on January 8, 2018.<br><br>Upon confirmation of the Plan Debtors will make the $580 monthly payments that would have commenced in January 2019 in full to the Franchise Tax Board from their Debtor in possession accounts. Debtors have sufficient income to make such payments. |

**Class 1B-** Administrative Tax Claims consist of taxes that have accrued during the pendency of the bankruptcy. 11 U.S.C. 503(b)(1) accords administrative status to any tax incurred by the estate.

Debtors believe that they will be liable for 2018 income tax liability to the Internal Revenue Service and the Franchise Tax Board, tax claims accrued during the present bankruptcy. Although Debtors' 2018 income taxes (Federal and State) have not been fully assessed, Debtors will have sufficient funds in their personal debtor-in-possession accounts to pay the amount due in full on the Effective Date of the Plan.

**CLASS 2: Impaired Secured Claims**

Secured claims are claims secured by liens on the property of the estate. The following is a listing of the class containing the Debtors' secured pre-petition claims and their treatment under the Plan. Debtors will pay the Class 2 Secured claims on the terms set forth below:

**Class 2:** Secured Claim on Real property other than Debtors' Residential property real property.

**Class Description:** Secured Claim of MTGLQ Investors, LP serviced by Rushmore Loan Management Services.

**Collateral description:** Single Family property located at 28841 Yosemite Place, Sun City, CA 92587.

**Collateral value**: The value was based on appraisal report obtained by Debtors and the Court order valuing the real property at $675,000 on January 31, 2018, see Court Docket No. 18.

**Claim/Collateral:** MTGLQ Investors, LP serviced by Rushmore Loan Management Services (hereinafter "MTGLQ Investors") holds a first deed of trust on Debtors' Subject Property in the amount of $839,807.51 based on the Proof of Claim filed on February 7, 2018.

**Impaired:** The Class 2 Claim is impaired under the Plan.

**Treatment:** MTGLQ Investors' Claim will be paid according to the stipulation for claim treatment between the Debtors and MTGLQ Investors, filed in this Court as Court Docket no. 117. Payments shall be as follows: MTGLQ Investors shall have a secured claim in the amount of $675,000. The secured claim will be amortized over 480 months at a fixed rate of interest of 6% per annum resulting in a principal and interest mortgage payment of $3,713.94 per month. Payments commenced February 1, 2019 and will continue until maturity in February 1, 2059. The stipulation was filed with this Court as Docket No. 117.

   3. **CLASS 3: General Unsecured Claims**

Class 3 claims are general unsecured claims not entitled to priority under Code Section 507(a). Debtors have approximately $264,621.53 in general unsecured claims.

**Impaired:** Class 3 Claims are impaired under the Plan.

**Treatment:** Debtors will pay claims a pro rata dividend of 4% to each general unsecured claimant over sixty (60) months commencing on the Effective Date of the Plan and continue for 60 months thereafter. Thus, Debtors will pay 4% of $264,621.53, which equal $529.23 on a quarterly basis. Each unsecured claimant will receive a 4% of their unsecured claim.

### 4. Classes of Interest Holders

Debtors will retain their 100 percent interest in the Debtors.

### C. MEANS OF EFFECTUATING THE PLAN

#### 1. Funding for the Plan

The Plan will be funded by the Debtors' post-petition earnings and from rental income generated from his Subject Property.

#### 2. Post-confirmation Management

The Debtors shall remain in possession of its assets and shall perform the functions necessary to consummate the Plan.

#### 3. Disbursing Agent

The Debtors shall act as the disbursing agents for the purpose of making all distributions provided for under the Plan.

## III. TREATMENT OF MISCELLANEOUS ITEMS

### A. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

#### 1. Assumptions

Debtors have a month-to-month rental agreement on the real property. Debtors intend and do hereby assume this lease. To the extent that there are executory contracts and leases unknown to the Debtors, such leases and executory contracts and/or obligations shall be deemed rejected.

#### 2. Rejections

To the extent that there are executory contracts and leases unknown to the Debtors, such leases and executory contracts and/or obligations shall be deemed rejected.

//

### C. RETENTION OF JURISDICTION

The Court will retain jurisdiction to the extent provided by law.

### IV. EFFECT OF CONFIRMATION OF THE PLAN

### A. DISCHARGE

Upon completion of the payments under the Plan, the Debtors may receive a discharge of preconfirmation debts, except such discharge shall not discharge the Debtors from any debts that are found nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtors are not in material default under the Plan. If the Debtors materially defaults in performing the Plan, affected creditors may sue the Debtors to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code.

### B. REVESTING OF PROPERTY IN DEBTORS

Except as provided elsewhere in the Disclosure Statement and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate to the Debtors.

### C. MODIFICATION OF THE PLAN

The Debtors may modify the Plan at any time before the confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

//

The Plan may be modified pursuant to 11 U.S.C. §1127 of the Bankruptcy Code: Section 1127(e) - provides as follows:

"Upon request of the Debtors, the trustee, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan , to —

    (1)    increase or reduce the amount of payments under the Plan on claims of a particular class;

    (2)    extend or reduce the time period for such payments; or

    (3)    alter the amount of the distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of such claim made other than under the Plan ."

### D. POST-CONFIRMATION STATUS REPORT

Within 120 days of the entry of the order confirming the Plan, Debtors shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

### E. QUARTERLY FEES

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the Plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to

the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to Chapter 7.

### F. POST CONFIRMATION CONVERSION/DISMISSAL

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

### G. FINAL DECREE

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022 and the Debtors have fulfilled obligations due under the five (5) year term of the Plan, the Debtors shall file a motion with the Court to obtain a discharge of all dischargeable debt and a final decree to close the Debtors' case.

Dated:  July 15, 2019                Respectfully submitted,

/s/ Joanne P. Sanchez
Joanne P. Sanchez, Esq.
LAW OFFICES OF LIONEL E. GIRON
Attorneys for Debtors and Debtors-in-possession, Fred And Esther Asafu-Adajaye

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**337 N.Vineyard Ave., Suite 100**
**Ontario, CA 91764**

A true and correct copy of the foregoing document entitled: __ **DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **7/16/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dane W Exnowski on behalf of Creditor WELLS FARGO BANK, N.A.: dane.exnowski@mcalla.com, bk.ca@mcalla.com
Lionel E Giron on behalf of Debtor Fred Asafu-Adjaye: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com
Lionel E Giron on behalf of Joint Debtor Esther Asafu-Adjaye: ecf@lglawoffices.com, lglawadmin@ecf.courtdrive.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA): nancy.goldenberg@usdoj.gov
Crystle Jane Lindsey on behalf of Debtor Fred Asafu-Adjaye: crystle@lglawoffices.com, crystle@cjllaw.com
Crystle Jane Lindsey on behalf of Joint Debtor Esther Asafu-Adjaye: crystle@lglawoffices.com, crystle@cjllaw.com
Kelly M Raftery on behalf of Creditor MTGLQ Investors, LP: bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
Kelly M Raftery on behalf of Interested Party Courtesy NEF: bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
Valerie Smith on behalf of Interested Party Courtesy NEF: claims@recoverycorp.com
United States Trustee (SA): ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **7/16/19**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtors:  Fred Asafu-Adjaye and Esther Asafu-Adjaye, PO Box 541, Orange, CA 92856**

**Secured Creditors: MTGLQ Investors, LP serviced by Rushmore Loan Management Services, PO Box 5504, Irvine, CA 92619**

**Unsecured Creditors:**

**Educational Credit Management Corp., PO Box 16408, Saint Paul, MN 55116-0408**
**Franchise Tax Board, Bankruptcy Section MS A340, PO Box 2952, Sacramento, CA 95812**
**Internal Revenue Service, P.O Box 7346, Philadelphia, PA 19101-7346**
**LVNV Funding, c/o Resurgent Capital Services, Greenville, SC      29603-0675**
**MTGLQ Investors, LP serviced by Rushmore Loan Management Services, PO Box 5504, Irvine, CA 92619**
**Wells Fargo Dealer Services, PO BOX 19657, Irvine, CA 92623-9657**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 16, 2019** | **Jeanette Llamas** | /s/Jeanette Llamas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |