Lionel E. Giron, Esq. (SBN: 200450)
Joanne P. Sanchez, Esq. (SBN: 320070)
Law Offices of Lionel E. Giron, APC
337 N. Vineyard Ave, Suite 100
Ontario, CA 91764
Tel. (909) 397-7260; Fax. (909) 694-1008

General Insolvency Counsel for
Debtors and Debtors-in-Possession

FILED & ENTERED

JAN 13 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>FRED AND ESTHER ASAFU-ADJAYE,<br><br>Debtors and Debtors-in-possession | Case No. **8:18-bk-10013-MW**<br><br>Chapter 11<br><br>**FINDING OF FACT AND CONCLUSIONS OF LAW RE: ORDER CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**PLAN CONFIRMATION HEARING:**<br>DATE: December 4, 2019<br>TIME: 2:00 p.m.<br>PLACE: 411 West Fourth Street,<br>Courtroom 6C, Santa Ana, CA 92701 |

The hearing to consider confirmation of "Debtor's First Amended Plan of Reorganization (Dated July 16, 2019)" (the "Plan"), filed by debtors and debtors-in-possession Fred and Esther Asafu-Adjaye ("Debtors"), was held on December 4, 2019 (the "Confirmation Hearing"), before the Honorable Mark S. Wallace, United States Bankruptcy Judge, in Courtroom 6C, 411 W Fourth Street, Santa Ana, California 92701. Appearances were made as indicated in the record.

The Court considered the pleadings and documents filed in this bankruptcy case, including but not limited to the pleadings by Debtors in support of confirmation of the Plan.

Based on the above, the Court hereby makes the below findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. This matter is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. sections 157(b) and 1334(a). Venue of this proceeding is proper under 28 U.S.C. sections 1408 and 1409.

B. The Plan and Disclosure Statement were served upon all Creditors, the Office of the United States Trustee, and all other parties-in-interest required to be served by the Bankruptcy Code and the Bankruptcy Rules.

C. Proper and timely notice of the Confirmation Hearing and the opportunity to object to the Plan was adequate and appropriate under the circumstances and was given to all Creditors, the Office of the United States Trustee, and all other parties-in-interest required to be served by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and relevant Orders of this Court, and complied in all respects with due process.

D. The Disclosure Statement contained adequate information in accordance with section 125 of the Bankruptcy Code.

F. The Plan satisfies all of the requirements of section 1129 of the Bankruptcy Code as follows:

1. Section 1129(a)(1). The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.

2. Sections 1122 and 1123(a)(1)-(4). As required by sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan designates Classes of Claims, other than Administrative Claims and Priority Tax Claims.

- FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:
ORDER CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION -

2

a. Claims are classified separately in Classes 1 through 3 of the Plan, as follows:

- Class 1: Tax Claims of Internal Revenue Service and Franchise Tax Board
- Class 2: Secured Claim of MTGLQ Investors
- Class 3: General Unsecured Claims

b. As required by section 1122(a) of the Bankruptcy Code, each of the Claims within a Class is substantially similar to the other Claims within that Class.

c. The classification of Claims under the Plan is proper.

d. Pursuant to section 1123(a)(2) of the Bankruptcy Code, Article III of the Plan specifies the treatment of all Classes of Claims which are impaired under the Plan (Classes).

e. Pursuant to section 1123(a)(3) of the Bankruptcy Code, Article III of the Plan specifies the class of Claims which is not impaired under the Plan (Class 1).

f. Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan provides the same treatment for each Claim within a particular Class.

3. Section 1123(a)(5). Article III.D. and various other provisions of the Plan provide adequate means for the implementation of the Plan:

- The Plan provides for the reorganization of Debtors' financial affairs to fund distributions to creditors.
- The Plan provides for Debtors to act as the disbursing agent.
- On the Effective Date, title to all assets, claims, causes of action, properties of Debtor and of the Estate shall revest in Reorganized Debtor, and thereafter, the Reorganized Debtor shall own and retain such assets free and clear of all liens and Claims, except as expressly provided in the Plan.

- FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:
ORDER CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION -

3

▪ From and after the Effective Date, in accordance with the terms of the Plan and the Confirmation Order, the Reorganized Debtor shall perform all obligations under all executory contracts and unexpired leases assumed under Article II of the Plan.

4. Section 1123(a)(6). Section 1123(a)(6) is inapplicable because Debtor is an individual.

5. Section 1123(a)(7). Section 1123(a)(7) is inapplicable because Debtor is an individual.

6. Section 1123(a)(8). Section 1123(a)(8) is satisfied as the Plan provides for payment in full of all Allowed Claims of Creditors.

7. Section 1123(b)(1). Article III.C of the Plan impairs Class 2 (Secured Claim of MTGLQ Investors), and Class 3 (General Unsecured Claims), and leaves unimpaired Class 1 (Tax Claims).

8. Section 1123(b)(2). In accordance with section 1123(b)(2) of the Bankruptcy Code, Article III.G.1 of the Plan provides for the assumption of certain of Debtors' executory contracts and unexpired leases. Debtors have a month-to-month rental agreement on the real property. Debtors intend and do assume the agreement. Based on the foregoing, the Plan meets the requirements of section 1123(b)(2).

9. Section 1123(b)(5). Article III of the Plan provides that the rights of holders of claims in Class 1 (Tax Claims) will remain unimpaired. The Plan modifies the rights of the holders of claims in the remaining classes. Claimants of Class 2 and 3 each submitted ballots which voted to accept the Plan. The requirements of section 1123(b)(5) as they apply to impaired secured claims are satisfied.

11. Section 1123(b)(6). Most of the provisions of the Plan fit within the mandatory and permissive categories of plan provisions identified in section 1123. To the extent that the provisions of the Plan do not fit within these categories, such provisions are consistent with section 1123(b) of the Bankruptcy Code.

12. Debtors, as Plan proponents, have complied with all applicable provisions set forth in Title 11 of the United States Code.

13. Section 1129(a)(3). The Court concludes that Debtors proposed the Plan in good faith and not by any means forbidden by law; therefore, the Plan complies with section 1129(a)(3).

14. Section 1129(a)(4). The Plan satisfies section 1129(a)(4) of the Bankruptcy Code because Article III.B. of the Plan provides that any Professional or other entity requesting compensation or reimbursement of expenses for services rendered before the Effective Date must file and serve an application for final allowance of compensation and reimbursement of expenses.

15. Section 1129(a)(5). The Plan satisfies section 1129(a)(5) of the Bankruptcy Code because Article III.D.3. of the Plan provides that Debtors will serve as disbursing agent for purposes of making transfers and payments under the Plan.

16. Section 1129(a)(6). Because Debtor is an individual, section 1129(a)(6) does not apply.

17. Section 1129(a)(7). 11 U.S.C. section 1129(a)(7) requires that with respect to each impaired class of claims or interests, each holder thereof must have either accepted the plan or, alternatively, will receive or retain under the plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtors were liquidated under chapter 7 of the Bankruptcy Code. Creditor MTGLQ Investors is being paid the full amount of its allowed claim and could not receive more in a chapter 7 liquidation. Thus, the "best interests" of creditors test is satisfied.

18. Section 1129(a)(8). 11 U.S.C. section 1129(a)(8) requires that each class of claims has either accepted the Plan or is not impaired under the Plan. A class of Claims accepts the Plan if holders of at least two-thirds in dollar amount and a majority in number of claims of that class vote to accept the Plan, counting only those claims whose holders actually vote on the Plan. 11 U.S.C.

- FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:
ORDER CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION -

5

§1126(c). Class 1 (Tax Claims) are not impaired under the Plan and, therefore, are deemed to have accepted the Plan. 11 U.S.C. §§ 1124, 1126(f). As indicated in the Ballot Analysis, impaired Class 2 (Secured Claim of MTGLQ Investors) voted to accept the Plan and a creditor from Class 3 (General Unsecured Claims) also voted to accept the Plan. Thus, section 1129(a)(8) is satisfied as to Class 2 and Class 3 voting Classes.

19. Section 1129(a)(9). The Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code. With respect to Administrative Claims, Article III, B.1 of the Plan provides for the payment in full in Cash of Allowed Administrative Claims, unless the holder agrees to other treatment of the Claim. Payment of an Allowed Administrative Claim shall occur on the later of the Plan's Effective Date, or the date on which the Administrative Claim is allowed. As set forth in the Plan, the Allowed Administrative Claims of Professionals shall be paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the Professional Fee Claim, except to the extent that a Holder of such Claim agrees to other terms.

With respect to Priority Tax Claims, Article III.C. of the Plan provides that, to the extent that any amounts are determined to be owed as Priority Tax Claims, Debtors shall pay in full the allowed amount of such Claim no more than five (5) years from the Petition Date. Such Claim shall accrue interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the rate required by 11 U.S.C. section 511 to provide "present value" of the Allowed Priority Tax Claim. Payments will be made monthly, starting on the first date after the Effective Date and ending on the last such date that is no more than five (5) years after the Petition Date.

20. Section 1129(a)(10). As indicated in the Ballot Analysis and on the Motion to Confirm filed by Debtors, two of the Classes entitled to vote on the Plan – consisting of Class 2 (Secured Claim of MTGLQ Investors) and a creditor from Class 3 (General Unsecured Claims) – have voted to

- FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:
ORDER CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION -

6

accept the Plan. Accordingly, at least one Class of Claims that is impaired under the Plan has voted to accept the Plan, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10).

21. Section 1129(a)(11). The Plan is feasible and is not likely to be followed by the Reorganized Debtor either liquidating or his need for further financial reorganization. To satisfy their burden under section 1129(a)(11) of the Bankruptcy Code, Debtors filed financial projections and proof of funds attached to their Disclosure Statement. The Financial Projections (along with any other evidence proffered), establish that the Reorganized Debtor will have sufficient income and resources to make all payments required under the Plan, and, therefore, that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization. Based on the Financial Projections and other evidence, the Court finds that the evidence is persuasive and credible and has not been controverted by other evidence. Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

22. Section 1129(a)(12). The Plan provides for the payment in full of all Administrative Claims of the Office of the United States Trustee payable pursuant to 28 U.S.C. section 1930.

23. Section 1129(a)(13). As an individual, Debtors have no obligation to pay "retiree benefits," so this requirement is not applicable. Therefore, section 1129(a)(13) is satisfied.

24. Section 1129(a)(14). Debtors do not have domestic support obligations required to be paid by judicial or administrative order, and therefore, section 1129(a)(14) is inapplicable.

25. Section 1129(a)(15). The Plan provides that holders of Allowed General Unsecured Claims will receive distributions greater than those required by section 1129(a)(15)— i.e., under the Plan, such creditors (Class 3) will be paid 4% their Allowed General Unsecured Claims. Accordingly, the Plan complies with the requirements of section 1129(a)(15).

26. Section 1129(a)(16). Section 1129(a)(16) of the Bankruptcy Code, which applies only to cases of nonprofit entities, does not apply here as the Debtors are individuals.

27. Section 1129(b). Under the "cramdown" test of section 1129(b)(1), a debtor must satisfy two tests: the "Fair and Equitable Test" and the "Unfair Discrimination Test." Fair and Equitable the Plan pays MTGLQ Investors their allowed claim

A chapter 11 plan cannot be confirmed through cramdown unless it is fair and equitable and does not discriminate unfairly with respect to each class of creditors and interest holders who are impaired by the plan yet have not accepted it. 11 U.S.C. section 1129(b)(1). The heart of the "fair and equitable" requirement with respect to impaired, non-consenting secured creditors is found in 11 U.S.C. section 1129(b)(2)(A), which requires that one of three requirements be met: (1) the holders retain their liens and receive total cash payments totaling at least the allowed amount of their claims, of a value, as of the effective date, at least equal to the value of such holder's interest in the estate's interest in such property; (2) if property subject to liens securing claims is to be sold under 11 U.S.C. section 363(k) free and clear of such liens, liens attach to the sales proceeds and such liens are treated under (1) above or (3) below; or (3) the holders realize the "indubitable equivalent" of their secured claims.

Here, the holders retain their liens and receive total cash payments totaling at least the allowed amount of their claims, of a value, as of the effective date, at least equal to the value of such holder's interest in the estate's interest in such property.

Here, Debtors satisfy the "fair and equitable" requirement of 11 U.S.C. section 1129(b)(2).

Unfair Discrimination. The Plan does not unfairly discriminate within section 1129(b)(1). Part and parcel of the rules relating to cramdown is a prohibition against unfair discrimination. 11 U.S.C. section 1129(b)(1). A chapter 11 plan is permitted to discriminate – discrimination is often necessary

to satisfy rules regarding the treatment of secured and priority creditors – but it cannot do so "unfairly." Generally, the unfair discrimination standard ensures that a dissenting class will receive relative value equal to the value given to all other similarly-situated classes. In re Armstrong World Industries, Inc., 348 B.R. 111, 120 (D. Del. 2006); Matter of Johns-Manville Corp., 68 B.R. 618 (Bankr. S.D.N.Y. 1986), aff'd, 78 B.R. 407 (S.D.N.Y. 1987), aff'd, 843 F.2d 636 (2d Cir. 1988). The Plan does not violate the prohibition against "unfair discrimination" because all creditors are being paid relative value equal to the value given to all other similarly-situated classes, so there is no unfair discrimination.

The Court concludes that the Plan does not unfairly discriminate. Further, class 2 and 3 have voted to accept the Plan.

28. Therefore, Debtors shall be entitled to entry by this Court of the Confirmation Order.

###

Date: January 13, 2020

Mark S. Wallace
United States Bankruptcy Judge

- FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:
ORDER CONFIRMING DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION -

9